_Jason Lee Harris_  ADC NO· 113830
Name and Prisoner/Booking Number

_A.S.P.C. Eyman-SMU-I_
Place of Confinement

_P.O. Box 4000_
Mailing Address

_Florence, AZ 85132-4000_
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

_Jason Lee Harris_ ,
(Full Name of Plaintiff)

　　　　　Plaintiff,

v.

(1) _Honorable Pheronica Miller_ ,
(Full Name of Defendant)

(2) _Emily Fraser, County Attorney_ ,

(3) _____ ,

(4) _____ ,

　　　　　Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-21-1016-PHX-JJT (MHB)
_____
(To be supplied by the Clerk)

### CIVIL RIGHTS COMPLAINT
### BY A PRISONER

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint
_"JURY TRIAL DEMANDED"_

## A.  JURISDICTION

1.　This Court has jurisdiction over this action pursuant to:
　　☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
　　☐ 28 U.S.C. § 1331; _Bivens v. Six Unknown Federal Narcotics Agents_, 403 U.S. 388 (1971).
　　☒ Other: _28 U.S.C. § 1343(a); 18 USC § 1584 - for Cause of Action_
　　_Continued pg. 1-A_

2.　Institution/city where violation occurred: _Maricopa County Sheriff's Office - 4th Ave Jail - 201 S. 4th Ave Phx AZ 85003 - Maricopa County Superior Court - 201 W. Jefferson Phx, AZ / 85003._

**550/555**

Pg. 1-A

JURISDICTION ...
Continued...

MEMORANDUM   OF   LAW

Paragraph I.

Accordingly:

Federal jurisdiction was properly predicated on 28 U.S.C.S.§ 1343, where action by prisoner-awaiting trial against district attorney, state's district magistrate, and police officer, alleged that defendants conspired to detain and try him for crimes he did not commit and acted in furtherance of that end in manner-violating his constitutional rights, which action sought preliminary and permanent injuction enjoining prosecution and compensatory and punitive damages. Clark v. Zimmerman, 394 F. Supp. 1166, 1975 U.S. Dist. LEXIS 12477 (M.D. Pa. 1975), disapproved, Harper v. Jeffries, 808 F.2d 281, 1986 U.S. App. LEXIS 36404 (3d Cir. 1986).

Paragraph II.

Accordingly:

Where plaintiffs' constitutional cause of action under 42 USCS § 1983 is not wholly insubstantial jurisdiction is conferred upon court by 28 U.S.C.S. § 1343 and, in exercise of its discretion, over all pendent Federal and statutory claims. Roselli v. Noel, 414 F. Supp. 417, 1976 U.S. Dist. LEXIS 14932 (D.R.I. 1976).

Paragraph III.

Accordingly:

Where jurisdiction is established under 28 USCS § 1343(a)(3) on constitutional claim, it is appropriate for court to exercise pendent jurisdiction over statutory claims. Becker v. Toia, 439 F.

continued pg. "1-8"

Continued...

Supp. 324, 1977 U.S. Dist. LEXIS 15294 (S.D.N.Y. 1977)

Paragraph IV.

Accordingly:

Where consideration of merits of plaintiff's constitutional claim requires convening of three-judge court, single-judge District Court must first determine whether plaintiff's constitutional claim is of sufficient ~~substant~~ substance to support federal jurisdiction under 28 USC§ 1343; if single-Judge District Court determines that complaint has raised constitutional claim of sufficient substance to support federal jurisdiction, he must then determine, as matter of pendent jurisdiction, claim of conflict between federal and state law. Williams v. Wohlgemuth, 540 F.2d 163, 1976 U.S. App. LEXIS 7938 (3d Cir. 1976).

Paragraph V.

28 USCS § 1343(a)(3) confers jurisdiction on District Courts to hear certain causes of action, namely, questions arising under Acts of Congress where federal right is being asserted that provides for equal rights of citizens; it merely gives District Court power to hear causes and acts when rights are asserted under other provisions. Dorak v. Shapp, 403 F. Supp. 863, 1975 U.S. Dist. LEXIS 15283 (M.D. Pa. 1975). Accordingly.

Paragraph VI.

Accordingly:

Motion to dismiss former employee's suit for lack of subject matter jurisdiction was denied, where allegations of retaliatory

continued pg. 2-C

JURISDICTION 1-C
Continued...

termination for employee's exercise of his right to engage in protected activity were sufficient, pursuant to 28 USC § 1343. Shape v. Barnes County, 396 F.Supp.2d 1067, 17 Am. Disabilities Cas. (BNA) 518, 2005 U.S. Dist. LEXIS 24816 (D.N.D 2005).

Paragraph VII.

28 USC § § 1343(a)(3) is not coextensive with 42 USC § 1983, since language of these two sections is not identical; to read them as coextensive would render qualification in § 1343(a)(3) "providing for equal rights of citizens" nullity. Randall v. Goldmark, 495 F.2d 356, 1974 U.S. App. LEXIS 9091 (1st Cir.), cert. denied, 419 U.S. 879, 95 S.Ct. 144, 42 L.Ed.2d 119, 1974 U.S. LEXIS 2857 (1974). Accordingly.

Paragraph VIII.

Therefore:

Provision of 28 USC § 1343(a)(3) does not provide jurisdiction over all claims under 42 USC § 1983. Andrews v. Maher, 525 F.2d 113, 1975 U.S. App. LEXIS 12270 (2d Cir 1975).

Furthermore Plaintiff, Jason Lee Harris does not raise jurisdiction but under 28 U.SC § 1343(a)(3) and not under 42 U.S.C. S. § 1983 raising an action under Act of Congress providing for equal rights" within meaning of 28 U.S.C. § 1343(a)(3). For and Since 42 U.S.C. § 1983 is only remedial statute but does not itself create any substantive rights, it is not "act Congress providing for equal rights or for protection of civil rights" within meaning of 28 U.S.C. § 1343(a)(3) and (4). Doe v. Klein, 599

continued pg. 2-D

NRE...
Continued...


F.2d 338, 1977 U.S. App. LEXIS 13653 (9th Cir. 1977).
Plaintiff claims that he was (and despite numerous pleadings
filed to the Superior Court under Criminal Case No. CR2020-113551-
001 stating that he wanted probation revoked; would not comply
with the stipulations, conditions and terms of probation) reen-
stated back on Count 1 of CR2020-113551-001, see exhibit—A
against his will in light of his being revoked of probation in
Count 2 of CR2020-113551-001 with which was ~~also~~ run conc-
urrent with a drug offense under Criminal Case No. CR2020-
140013-001; having told the Defendant(s) in open court at sentencing
as well at the date of January 6, 2021 that Plaintiff under
the protection of his Substantive Due Process Rights would not
comply with probation rejected probation wanted probation rev-
oked under CR2020-113551-001; Plaintiffs reenstatement on pr-
obation under CR2020-11355-001 violating Title 18 USCS 31584
(Involuntary Servitude). The Due Process Clause under Substantive
Due Process under the 14th Amendment to the U.S. Constitution; Cru-
el and Unusual Punishment under the 8th Amendment to the United
States Constitution which rights are are secured to Plaintiff by
acts of Congress.




Footnote: 1-Lifetime Probation.

## B. DEFENDANTS

1.  Name of first Defendant: _Hon. Phemonia Miller_____.   The first Defendant is employed
as: _Judge/Commissioner_____ at _Superior Court-Maricopa County_.
      (Position and Title)                              (Institution)

2.  Name of second Defendant: _Emily Frazer_____.   The second Defendant is employed as:
as: _Deputy County Attorney_____ at _Maricopa County Attorneys Office_.
      (Position and Title)                              (Institution)

3.  Name of third Defendant: _____.   The third Defendant is employed
as: _____ at_____.
      (Position and Title)                              (Institution)

4.  Name of fourth Defendant: _____.   The fourth Defendant is employed
as: _____ at_____.
      (Position and Title)                              (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☒ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _3+_.   Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _Harris_____ v. _Shinn, et al.;_
        2.  Court and case number: _CV21-00687_
        3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Dismissed_

    b.  Second prior lawsuit:
        1.  Parties: _Harris_____ v. _Penzone, et al.;_
        2.  Court and case number: _CV21-00013_
        3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Dismissed_

    c.  Third prior lawsuit:
        1.  Parties: _Harris_____ v. _State of Arizona, et al.;_
        2.  Court and case number: _CV20-02377_
        3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Dismissed_

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _Substantive Due Process, Substantive Rights violation_.

2.  **Count I.** Identify the issue involved.  Check **only one.**  State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Disciplinary proceedings
    - ☐ Excessive force by an officer
    - ☐ Mail
    - ☐ Property
    - ☐ Threat to safety
    - ☐ Access to the court
    - ☐ Exercise of religion
    - ☒ Other: _Substantive Due Process_
    - ☐ Medical care
    - ☐ Retaliation
    _violation; Substantive Rights_

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
    _On the date of October 21, 2020 Plaintiff Jason Lee Harris was arrested under CR2020-140013-001; Therefore revocation of probation under CR2020-113551-001 proceedings were initiated. Plaintiff filed multiple motion(s) under both criminal cases primarily I the Plaintiff sought to enjoy my Substantive Due Process basic, and fundamental Substantive rights to revoke the Probation(s) on both Counts 1 and Counts 2 under CR2020-11355-091. Count 2 under CR2020-113551-001 (Indecent Exposure) was revoked and was a penalty to me the Plaintiff of 1 year imprisonment in the Arizona Dept. of Corrections to run concurrent with the imposed 1½ year sentence of imprisonment in the Arizona Dept. of Corrections under CR2020-140013-001, The Count 1 (Sexual Abuse) under CR2020-113551-001 was not revoked but against Plaintiffs will in light of Plaintiff informing the court on verbal and written Motion; by address of counsel that Plaintiff would not comply with the stipulations, Terms and Conditions of a lifetime Probation under CR2020-113551-001, The Defendant(s) Emily Fraser as Prosecution for the State of Arizona recommended _____ Continued p. "5-A"_

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
    _Deprivation of Substantive Due Process and Substantive Rights in general, Psychological turmoil; Financial Hardship; Involuntary Servitude; deprivation of rights_

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count I?   ☐ Yes   ☒ No
    c.  Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☒ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _Not an Conditions of Confinement Action or Administrative Action in Nature — Not Applicable_

3

**COUNT II**

1. State the constitutional or other federal civil right that was violated: *Involuntary Servitude:*
*28 U.S.C.S § 1584 - U.S. Constitutional (Amendment XIII)*

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☒ Other: *Involuntary Servitude;*
   *28 USCS § 1584*
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

*The preponderance of the evidence (see also Exhibit -A) is the multiple motions filed under CR2020-113551-001 and CR2020-140013-001 notwithstanding Plaintiff verbally informing the court (Honorable Miller) that he would (not comply with the Stipulatns, Terms and Conditions of Probation under CR2020-113551-001 in general. But was instead reenstated under Cont 2 (Sexual Abuse) or Lifetime probation to start after the sentences imposed under Count 2 (indecent Exposure) CR2020-113551-001 and CR2020-140013-001 (Possession of Dangerous Drugs) is complete. This constitutes involuntary Servitude on its face for (1) the Plaintiff has [right] not to be placed on a lifetime probation against his will under CR 2020-113551-001, (2) the Plaintiff has the right not to be subject to forced labor to pay the Probation Department [monies] for probation fees, see Exhibit A (3) to be punished by imprisonment(s), conviction resulting in imprisonment in the Jail or prison for not complying with the terms, Stipulations, Conditions of the reenstated probation under CR2020-113551-001 or paying the Probation Department by the money of Plaintiffs forced labor (es gainful employment is a Stipulation of probation under CR2020-113551-001). The Act of the Defendants is constructive and political in nature therefore the reenstating Plaintiff on Probation under CR2020-113551-001 ⟶ Continued p. 5-8.*

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
*Involuntary Servitude: 28 U.S.C.S. § 1584; Psychological turmoil; Financial Hardship; Involuntary Servitude; forced labor, endangerment(s); deprivation of rights.*

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? — ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II? — ☐ Yes   ☒ No
   c. Did you appeal your request for relief on Count II to the highest level? — ☐ Yes   ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. *Not on Conditions of Confinement Action or Administrative Action in Nature — Not Applicable*

4

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _Cruel and Unusual_
_Punishment 8th Amend. Violation to the U.S. Const & then. Free to_
_Due Process Clause of 14th Amendment to U.S. Constitution._

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: _Involuntary Servitude_
   _28 U.S.C.§ 1584_

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_COUNT I and COUNT II raise claim of Cruel and Unusual Punishment._
_The reinstating the Plaintiff on Probation of Count 1 (Sexual Abuse) under_
_CR2020-113551-W1 against Plaintiff's [will] to possibly impose a consecutive_
_sentence against him as stated in COUNT I Supporting Facts and subjecting the_
_Plaintiff to the injuries(s) of involuntary servitude as raised in COUNT II Sup-_
_porting Facts violates the 8th Amendment to the United States Constitution_
_on the following following grounds: (1) The Probation Department shall uncon-_
_stitutionally file petition to revoke Plaintiff's Probation under Count 1_
_(Sexual Abuse) CR2020-113551-W1 once the Plaintiff when released on the_
_date of April 21 2022 from the Arizona Dept. of Corrections under CR2020-1911113_
_001 moves in the Superior Court-Maricopa County under A.R.S.13-901(A)(E)_
_to terminate the period of probation under Count 1 (Sexual Abuse) CR2020-_
_113551-001; which appears to be a norm and Retaliatory action against_
_persons with sex offense probation terms, stipulations, and conditioned imposed se-_
_ntence(s). (2) The Fact(s) clearly establish by the preponderance of the evidence_
_theft (a) Plaintiff by written Motion and verbal motion ⟶ continued pg. "5-13"_

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_Psychological Turmoil, Involuntary Servitude; Financial Hardship; Forced_
_labor; endangerment(s) deprivation of rights_

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count III? ☐ Yes  ☒ No
   c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes  ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _Not an Condition of Confinement & then or Administrative_
   _Action in Nature — Not Applicable_

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

Supporting Facts...
Continued...

reenstatement on probation under CR2020-113551-001 (is therefore
sued in her personal capacity) Defendant Honorable Phemonia Miller
reenstated Plaintiff on lifetime Probation[1] as stated above under CR
2020-113551-001 (Sexual Abuse) once Plaintiff's sentence is complete
under CR2020-140013-001[2].

   This fact pose's the following infringements :(1) the sentencing
scheme under A.R.S.33-13-603, 701(D)(24), 702 shall not have
allowed the Court (Defendant Miller) to run Count 1 (Sexual Abuse)
under CR2020-113551-001 consecutive with the Drug offense under CR
2020-140013-001 (an offense with which technically the Plaintiff sh-
ould have enjoyed proposition (not prison sentence)) without such
aggravated factors affording a evidentiary hearing for the "tier of
fact" proceedings under A.R.S.13-701(J), (2) Defendant(s) reenst-
ating Plaintiff on Count 1 (Sexual Abuse) under CR2020-113551-001
circomvent's this fact allows therefore the State of Arizona the unc-
onstitutional position of (a) sentencing Plaintiff under CR2020-113551-
001 Count 1 (Sexual Abuse) despite him informing the court otherw-
ise (b) running Count 1 (Sexual Abuse) under CR2020-113551-001
consecutive to the drug offense under CR2020-140013-001. This is done
by design; Plaintiff claims violates his Substantive Due Process; Substantive
rights raising action under Act of Congress providing for equal rights
within meaning of 28 U.S.C.§1343(a)(3).

Footnote-1: Lifetime Probation has been demed unconstitutional; and in a sig-
nificant change in Arizona Law is no longer a valid law but is void. 1
Footnote-2: Plaintiff is completely discharged of his prison term on April
21, 2022.

continued pg. 5-B"

Supporting Fact...
Continued...

against Plaintiffs will is unconstitutional on the face of the United States Constitution; therefore civil suit under 28 U.S.C. 31343(C) is filed by the Plaintiff for this outrage.

## MEMORANDUM OF LAW

### Paragraph I.

Accordingly:

Object of predecessor to 18 U.S.C. 3.31584 was to put end to slave trade and prevent introduction of slaves from foreign contries. United States v. The Ship Garonne, 36 U.S. 73, 9 L.Ed. 637, 1837 U.S. LEXIS (1837).

### Paragraph II.

Phrase "involuntary servitude" as used in Thirteenth Amendment, to connote coerced work that was economic in nature, did not have same meaning in 18 U.S.C.S.31584; jury instructions for 31584 used ordinary meaning of terms that excluded coercion and included (1) exertion of facuities of body or mind, (2) action of serving, helping, or benefiting (3) conduct tending to welfare and advantage of another, and (4) performance of any duties or work for another. United States v. Kautman, 546 F.3d 1242, 2008 U.S. App. LEXIS 23565 (10th Cir. 2008), cert. denied, 558 U.S. 1093, 130 S.Ct. 1013, 175 L.Ed.2d 621, 2009 U.S. LEXIS 9091 (2009).

continued pg. "5-C"

under CR2020-113551-WI and CR2020-140018-W1 that his will
was to have probation revoked under CR2020-113551(W); (6) Plainti-
ff shall not comply with the stipulations, terms, and Conditions of
Probation under CR2020-113551-W1(3) notwithstanding was still and
against Plaintiff will reinstated on Probation under Count 1 (sexual
abuse) CR2020-113551-W1(4) shall settle the injurie(s) associated with
[all] provisions of Rule and Law for persons sentenced to the imposition of
lifetime Probation under CR2020-113551-W1 (Count 1 Sexual Abuse).

## MEMORANDUM OF LAW

### Paragraph I.

Accordingly:
Contention that penalty within statutory limits is rendered "cruel and
unusual" by reason of subsequent legislative changes is without merit.
United States v. Holley, 818 F.2d 351, 1987 U.S. App. LEXIS 7296 (5th
Cir. 1987).

### Paragraph II.

Accordingly:
Due Process clause of <u>Federal Constitution's Fourteenth Amendment</u> impo-
ses substantive limits on state's discretion with respect to imposition of
criminal penalties; that clause makes prohibitions against excessive fines
and cruel and unusual punishments, under <u>Federal Constitution's Eighth Amendment</u>, applicable to states. Cooper Indus. v. Leatherman Tool Group,
Inc., 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674, 14 Fla. L. Weekly
Fed. S 223, 2001 Cal. Daily Op. Service 3820, 2001 Colo. J. C.A.R. 2407,
2001 D.A.R. 4673, 58 U.S.P.Q.2d (BNA) 1641, 200 U.S. LEXIS 3520 (2001).

continued pg. "5-D"

Supporting Facts...
Continued...

There fore Cruel and Unusual Punishment a 14th and 8th Amendment
violation as stated above is claimed supported by whats stated above
and in COUNT I, COUNT II is claimed by the Plaintiff for the Defendant(s)
unconstitutionally reenstating Plaintiff on Count 1 (Sexual Abuse) under
CR2020-113551-001.

Paragraph III.

Accordingly:
Defendant(S) Honorable Phemonia Miller and Emily Fraser, Dep-
uty county Attorney are absolutely immune from civil liability only wh-
en their conduct does not rise to the level of criminal liabilities and
acts; or do not violate clearly established constitutional rights of
the Plaintiff.

We conclude that in accordance with COUNT(S) I, II, III the Defen-
dants have violated the constitutional right clearly established at the time
of Plaintiffs reenstatement on Probation of lifetime under CR2020-113551-
001 (Sexual Abuse) on January 6, 2021 in light of Plaintiff asserting his
right to not be reenstated on lifetime Probation, but revoked under CR2020-
113551-001 at sentencing of CR2020-113551-001, CR2020-140013-001 and
Defendant(s) Furthermore are liable for civil suit in the above captioned
case

While judges may have immunity with respect to civil liability generally.
and even with respect to civil liability for willful corruption, perfor-
mance of duties of judicial, legislative, or executive officer; does
not require or contemplate immunization or other deprivation of consti-
constitutional rights; judicially fashioned doctrine of official imm-

continued pg. "5-E"

Supporting Exhibit 5 "E"
Continued ...

unity does not reach so far as to immunize criminal conduct
proscribed by Act of Congress. O'Shea v. Littleton, 414 U.S. 488,
94 S. Ct. 669, 38 L.Ed. 2d 674, 1974 U.S. LEXIS 41 (1974).

Judges do not possess constitutionally mandated immunity from crimi-
nal prosecution. Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.
2d 185, 1980 US. LEXIS 9 (1980).

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff is seeking Compensatory, Nominal, Monetary, Punitive Damages combined no less than $30,000,000.00; In cases invoking jurisdiction of Federal District Court under 28USC§§1343(a)(4) to award damages or equitable or other relief under any act of Congress providing for protection of civil rights, federal jurisdiction does not require that amount in controversy exceed $10,000. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1187. ——> continued pg. "6 - A"

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____June 9, 2021_____
              DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

P.O. BOX 4000, Florence, AZ 85132-4000
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

1 Empl. Prac. Dec. (CCH) ¶ 9832, 1968 U.S. LEXIS 2980 (1968), limited,
Anderson v. Conboy, 156 F.3d 167, 74 Empl. Prac. Dec. (CCH) ¶ 45552,
77 Fair Empl. Prac. Cas. (BNA) 1278, 1998 U.S. App. LEXIS 22036 (2d
Cir. 1998).

Since there is no minimum amount in controversy required to pros-
ecute claim under 28 U.S.C.S. § 1343, amount involved is not basis
for challenging jurisdiction thereunder, Nyberg v. Virginia, 361 F.
Supp. 932, 17 Fed. R. Serv. 2d (Callaghan) 862, 1973 U.S. Dist. LEXIS
12333 (D. Minn. 1973), affd, 495 F.2d 1342, 1974 U.S. App. LEXIS 10028
(8th Cir. 1974).

For record and descretion of this court upon Plaintiffs release from prison
April 21, 2022 and to begin imposition of lifetime (the unconstitutional life-
time Probation) Probation; Plaintiff shall file Petition and in accordance with
his right under the First Amendment to the U.S. Constitution to Petition
the Court for a suspension indefinitely of the imposition of the sentence
of lifetime probation under CR2020-113557-001 (Sexual Abuse) immed-
iately upon his release from ADOC custody under A.R.S. 313-901((A)(E).
This present civil matter shall be used as preponderance of the evidence
in that Petition under A.R.S. 313-901(A)(E) to be filed by Plaintiff. Sha-
ll this complaint filed under 28 U.S.C. § 1343(a) shall no be satisfactory
as to jurisdiction; it shall be relitigated once Plaintiff is released and re-
enstated on probation under CR2020-113557-001 (Sexual Abuse).

Plaintiff and fore public information anticipates the Probation Officer
and department assigned him upon his release from ADOC and reenstatement
under CR2020-113557-001 on Probation to retaliate against him by mean(s)

continued pg. 6-8 ➔

REQ Continued...

by (1) arresting him for exercising his constitutional / rights to file Petition under A.R.S. § 13-901(A)(E) against the lifetime probation sentence imposed under CR2020-113351-001 (Sexual Abuse) (2) notwithstanding to circumvent the proceedings to be filed under A.R.S. § 13-901(A)(E) to be initiated in the Superior Court-Maricopa County as stated above (3) by any fraudulent means that violate A.R.S. § 33-420 false documents; liability; special Action-damages; violations; classifications.

EXHIBIT - A

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**JUDGMENT AND ORDERS OF RESTITUTION, FINES AND FEES**

State of Arizona

**VS.**   **Jason Lee Harris**          **MARICOPA COUNTY DIVISION: Maricopa**          <u>**EDCT1**</u>

PID # AZ: 10278899          <u>**CASE: CR2020-140013-001 DT  Cnt 001**</u>

**IT IS ORDERED the defendant shall be financially responsible for paying all restitution, fines and fees in this case as imposed by the Court.**

<u>**Financial Sanctions**</u>

|  |  |  | <u>Total Amount</u> | <u>Payment</u> | <u>Begin Date</u> |
|---|---|---|---|---|---|
| d. | Drug Offense Fine (Dangerous Drug) A.R.S. 13-3407(H) | $1,000.00 + Surcharge 78.00% = $780.00 | <u>$1,780.00</u> |  | To be determined |

<u>**Other Assessments (paid in conjunction with monthly payment)**</u>

|  |  | <u>Total Amount</u> | <u>Payment</u> | <u>Begin Date</u> |
|---|---|---|---|---|
| r. | Probation Assess.(7/1/08 to present) (A.R.S. 12-269) | <u>$20.00</u> |  | To be determined |
| s. | Time Payment Fee (A.R.S. 12-116) | <u>$20.00</u> |  | To be determined |
| t. | Victim Rights Enforcement Assessment (A.R.S. 12-116.09) | <u>$2.00</u> |  | To be determined |
| x. | Criminal Penalty Assessment (A.R.S. 12-116.04) *Phoenix PD* | <u>$13.00</u> |  | To be determined |
| dd. | Victim Rights/Compensation Fund (A.R.S. 12-116.08) | <u>$9.00</u> |  | To be determined |

## MONTHLY GRAND TOTAL PAYMENT =  $0.00

RECEIPT AND ACKNOWLEDGMENT: I acknowledge receipt of the Judgment and Orders of Restitution, Fines and Fees and understand my financial obligation to the Court and other related parties.

**Hon.  Phemonia Miller**

| <u>Defendant</u> | <u>01/06/2021</u><br>DATE | MARICOPA COUNTY SUPERIOR COURT | <u>01/06/2021</u><br>DATE |
|---|---|---|---|

1100-044 (R12-14)

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

**State of Arizona**

**VS.**

**Jason Lee Harris**
Defendant

**No: CR2020-113551-001**

## NOTICE OF RIGHTS AFTER CONVICTION AND PROCEDURE

### RIGHT TO APPEAL.

You have a right to appeal from a final judgment of conviction or a verdict of guilty except insane, from an order denying a motion for new trial, from an order entered after judgment affecting your substantial rights, or from a sentence that you claim is illegal or excessive.

However, you do not have a right to direct appeal from your final judgment of conviction and sentence if you: (1) entered a plea of guilty or no contest; (2) admitted that you violated your conditions of probation or had an automatic probation violation based on a plea of guilty or no contest; or (3) failed to appear at sentencing, which resulted in sentencing occurring more than 90 days after the date of conviction. In these three situations, you may seek relief only by filing a notice and petition for post-conviction relief under Rule 33. (See the section below on post-conviction relief.)

### EXERCISING YOUR RIGHT TO APPEAL.

1.  <u>Notice of Appeal.</u> If you want to appeal from a judgment of conviction and imposition of sentence, you must file a Notice of Appeal (Form 24(a)) within 20 days after the court's oral pronouncement of your sentence in the courtroom. If you want to appeal from any other appealable judgment or order, you must file a Notice of Appeal (Form 24(a)) no later than 20 days after entry of the judgment or order. You will lose your right to appeal if you do not file a Notice of Appeal within the time required.

    If you want to appeal, you should let your lawyer know that you want to appeal. You can file a Notice of Appeal before you leave the courtroom on the day you are sentenced. After that, you should contact your lawyer by phone, letter, or in person, and tell your lawyer that you want to appeal.

2.  <u>If You Want to Appeal but Do Not Have a Lawyer.</u> If you do not have a lawyer, ask the clerk of the court, or staff at the jail or prison where you are incarcerated, for Form 24(a), which is a Notice of Appeal. Also ask for Form 5, which is the Defendant's Financial Statement and Request for Appointment of Counsel. Complete both forms and immediately file them with, or send them to, the clerk of the superior court in the county where you were sentenced. These forms must arrive at the clerk's office within 20 days after the date you were sentenced.

3.  <u>Waiver of the Right to a Lawyer.</u> You have a right to be represented by a lawyer for your appeal, and you should have a lawyer handle your appeal. However, you may also represent yourself. If you choose to waive your right to appellate counsel, you must file a written waiver no later than 30 days after filing your notice of appeal. If you file your waiver before you file your notice of appeal, or at the same time, the waiver must be filed in the superior court. If you file your waiver after you filed your notice of appeal, you must file the waiver in the superior court and in the appellate court. If the superior court determines that your waiver of appellate counsel is knowing, intelligent, and voluntary, you will be allowed to represent yourself on appeal. But the court may appoint advisory counsel for you during any stage of the appeal.

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

State of Arizona

VS.

<u>Jason Lee Harris</u>                                                     <u>No: CR2020-113551-001</u>
Defendant

## NOTICE OF RIGHTS AFTER CONVICTION AND PROCEDURE

### RIGHT TO POST-CONVICTION RELIEF.

Every defendant in the superior court has a right to request post-conviction relief under Rule 32 or 33.

1.  <u>What to File.</u> To exercise your right to post-conviction relief, you first must file a Notice Requesting Post-Conviction Relief, Form 24(b).
2.  <u>When to File.</u> If you do not file a Notice Requesting Post-Conviction Relief within the required time, you may lose the opportunity to have the court correct any errors that might have occurred in your case.
    (a) *If you did not have an appeal.* If you did not file, or if you did not have the right to file, a Notice of Appeal, you must file a Notice of Post-Conviction Relief within 90 days after the oral pronouncement of sentence.
    (b) *If you did have an appeal.* If you did appeal, you must file a Notice Requesting Post-Conviction Relief within 30 days after the appellate court issues an order and mandate affirming the judgment and sentence.
    (c) *If you did not have a right to appeal but you had a first post-conviction proceeding and wish to raise a claim that post-conviction counsel was ineffective in a successive post-conviction proceeding.* If you did not have the right to appeal but you did seek post-conviction relief in a first proceeding and you claim your attorney in that proceeding was ineffective, you must file a Notice Requesting Post-Conviction Relief within 30 days after the trial court enters its final order in the first proceeding, or, if you sought appellate review of that order, no later than 30 days after the appellate court issues an order and mandate in that first proceeding.
3.  <u>How to File.</u> You must obtain a copy of Form 24(b) (Notice Requesting Post-Conviction Relief) from your attorney, the clerk of the court, or staff at the jail or prison where you are incarcerated. Complete the notice and file it with, or send it to, the clerk of the superior court of the county where you were sentenced. The notice must arrive at the clerk's office within the time specified in paragraph 2.
4.  <u>Requesting a Lawyer.</u> If you want a lawyer to represent you in your post-conviction proceeding and you cannot afford to hire a lawyer, you must sign the declaration of indigency contained in the Notice Requesting Post-Conviction Relief and ask the court to appoint a lawyer to represent you.

If you want a full copy of the rules governing appeals and post-conviction relief, the clerk of the court in the county where you were convicted will send you one upon request.

### RIGHT TO APPLY TO HAVE A CONVICTION SET ASIDE.

On fulfillment of the conditions of probation or sentence, and discharge by the court, you may apply to the court where you were sentenced to have the judgment of guilt set aside. Your attorney or probation officer can apply on your behalf. If you were convicted of multiple offenses, the court must act on each individual case and each individual count. If you have more than one case number, you must file a separate application for each case number. The court will not charge a fee for filing an application to set aside a conviction. The Application to Set Aside Conviction (Form 31(a)) is available online from the Arizona Judicial Branch Self-Service Center and from most superior court web sites. Complete the form and file it with, or send it to, the clerk of the superior court of the county where you were sentenced.
**Note:** A person who was convicted of any of the offenses listed in A.R.S. § 13-907(K) cannot apply to have the conviction set aside

### SUSPENSION OF CIVIL RIGHTS AND OCCUPATIONAL DISABILITIES (A.R.S. § 13-904)

A conviction for a felony suspends the following civil rights of the person sentenced; the right to vote; the right to hold office; the right to serve as a juror; the right to possess a firearm; and during any period of imprisonment any other civil rights the suspension of which is reasonably necessary for the security of the institution in which the person sentenced is confined or for the reasonable protection of the public.

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**State of Arizona**

**VS.**

**Jason Lee Harris**                                          **No: CR2020-113551-001**
Defendant

## NOTICE OF RIGHTS AFTER CONVICTION AND PROCEDURE

### RIGHT TO AUTOMATIC RESTORATION OF CIVIL RIGHTS (FIRST OFFENDERS) (A.R.S. §13-907)

On final discharge ("final discharge" means completion of probation or the receipt of an absolute discharge from the State Department of Corrections of the United States Bureau of Prisons), any person who has not previously been convicted of a felony offense shall automatically be restored any civil rights that were lost or suspended as a result of the conviction if the person pays victim restitution imposed. A person entitled to automatic restoration of civil rights pursuant to A.R.S. §13-907 is not required to file an application. Restoration of the right to possess a firearm requires an application pursuant to A.R.S. § 13-910 (see below).

### RESTORATION OF CIVIL RIGHTS (SECOND OR SUBSEQUENT OFFENSE) (A.R.S. §§ 13-906, 13-907 and 13-908)

If you have previously been convicted of a felony or you have not paid your restitution, you may apply for restoration of any civil rights that were lost or suspended as a result of the conviction on final discharge from probation or no sooner than two (2) years from the receipt of an absolute discharge from the State Department of Corrections or the United States Bureau of Prisons. Your attorney or probation officer may apply on your behalf. The restoration of civil rights is in the discretion of the judicial officer.

### RESTORATION OF RIGHT TO POSSESS A FIREARM (A.R.S. § 13-910)

If you were **convicted of a dangerous offense** under § 13-704 or an offense committed in another state that would be a dangerous offense under §13-704 **you may not file for restoration of the right to possess a firearm.**

If you were convicted of a serious offense as defined in §13-706 or an offense committed in another state that would be a serious offense under §13-704 you may not file for restoration of the right to possess a firearm for **ten (10) years** from the date of absolute discharge from the State Department of Corrections or the United States Bureau of Prisons. The restoration of the right to possess a firearm is in the discretion of the judicial officer.

If you were convicted of any other felony offense you may not file for the restoration of your right to possess a firearm for **two (2) years** from the date of completion of probation or upon receipt of an absolute discharge from the State Department of Corrections or the United States Bureau of Prisons. The restoration of civil rights is in the discretion of the judicial officer.

### RECEIPT BY THE DEFENDANT

I have received a copy of this notice explaining my rights to appeal, to seek post-conviction relief, to apply for restoration of my right to possess a firearm, conviction set aside, and restoration of civil rights. I have received a copy of the procedures I must follow to exercise those rights.

DATE: 01/06/2021

_____
**Defendant**

NRR
3899 R12-10

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**JUDGMENT AND ORDERS OF RESTITUTION, FINES AND FEES**

State of Arizona

VS.  **Jason Lee Harris**    **MARICOPA COUNTY DIVISION: Maricopa**    **EDCT1**

PID # AZ: 10278899    **CASE: CR2020-113551-001 DT  Cnt 001**

---

**Pursuant to Uniform Condition15: I will pay all restitution, fines, and fees in my case as imposed by the Court\***

---

**Financial Sanctions**

| | | Total Amount | Payment | Begin Date |
|---|---|---|---|---|
| b. | Probation Svc Fee/Standard (after 5/1/2009) A.R.S. 13-901(A) *reduced PSF* | | $15.00 | To be determined |
| o. | Sex Offender Registration Fee A.R.S. 13-3821(Q) | $250.00 | | To be determined |

**Fines Monthly Total Payment  =    $15.00**

**Other Assessments (paid in conjunction with monthly payment)**

| | | Total Amount | Payment | Begin Date |
|---|---|---|---|---|
| r. | Probation Assess.(7/1/08 to present) (A.R.S. 12-269) *waived* | | | To be determined |
| s. | Time Payment Fee (A.R.S. 12-116) | $20.00 | | To be determined |
| t. | Victim Rights Enforcement Assessment (A.R.S. 12-116.09) | $2.00 | | To be determined |
| x. | Criminal Penalty Assessment (A.R.S. 12-116.04) *Mesa PD* | $13.00 | | To be determined |
| z. | Address Confidentiality (A.R.S. 12-116.05) | $50.00 | $10.00 | To be determined |
| cc. | Peace Officer Training Equipment Fund (A.R.S. 12-116.10) | $9.00 | | To be determined |

**Fees Monthly Total Payment  =    $10.00**

---

**MONTHLY GRAND TOTAL PAYMENT = $25.00**

---

*Pursuant to A.R.S. 13-805, failure to maintain contact with the Probation Department may result in the issuance of a criminal restitution order
  in favor of both the State for the unpaid balance, if any, of any fines, costs, fees, or surcharges or assessments imposed; and, in favor of each
  person entitled to restitution for the unpaid balance of any restitution ordered.
**Probation may be extended pursuant to A.R.S.13-902 C.
***Interstate Compact Process and Application Fee:  Only one fee per defendant with entire fee due at time of application.

RECEIPT AND ACKNOWLEDGMENT: I acknowledge receipt of the Judgment and Orders of Restitution, Fines and Fees and understand my financial obligation
to the Court and other related parties.

**Hon.  Phemonia Miller**

_____          _____          MARICOPA COUNTY SUPERIOR COURT          _____
**Defendant**                   01/06/2021                                                   01/06/2021
                                DATE                                                         DATE

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**UNIFORM CONDITIONS OF SUPERVISED PROBATION**

State of Arizona                              **MARICOPA COUNTY DIVISION: <u>EDCT1</u>**
VS.                                           <u>**CR2020-113551-001 DT**</u>
<u>Jason Lee Harris</u>

PID # <u>AZ10278899</u>                        ARS §13-901.01     N/A

**OFFENSES:**
<u>Count 001</u>     <u>ARS §13-1404A</u>     <u>SEXUAL ABUSE</u>                 <u>F5</u>

*The Court is suspending imposition or execution of sentence and, under the supervision of the Adult Probation Department (APD),*

   **Reinstating** the defendant on probation for a period of Life
          to begin Upon release from prison pursuant to §13-603(K)
*I AGREE TO THE FOLLOWING AS CONDITIONS OF THE SUSPENSION OR THE IMPOSITION OR EXECUTION OF SENTENCE (Conditions Checked Also Apply)*

**LAW ABIDING BEHAVIOR**
1. I will maintain a crime-free lifestyle, by obeying all laws, and not engaging or participating in any criminal activity.
2. I will not possess or control any stun guns, tasers, firearms, ammunition, deadly, or prohibited weapons as defined in A.R.S. §13-3101.
3. I will report any contact I have with law enforcement to the APD within 72 hours.
4. I will submit to search and seizure of person and property by the APD without a search warrant.
5. If deported or processed through voluntary departure, I will not return to the United States without legal authorization during the term of my probation. If I am deported or processed through voluntary departure, all conditions remain in effect.

**REPORTING TO APD**
6. I will report to the APD within 72 hours of sentencing, absolute discharge from prison, release from incarceration, or residential treatment and continue to report as directed. I will also keep APD advised of progress toward case plan goals and comply with any written directive of the APD to enforce compliance with the conditions of probation. I will provide a sample for DNA testing if required by law.

**RESIDENCE**
7. I will provide the APD safe, unrestricted access to my residence and receive prior approval of the APD before changing my residence. I will reside in a residence approved by the APD.
8. I will request and obtain written permission of the APD prior to leaving the state.
10. I may apply for an Inter-County transfer and will not proceed to that County until APD issues written authorization.

**TREATMENT/BEHAVIOR CHANGE/PRO-SOCIAL ACTIVITIES**
11. I will actively participate and cooperate in any program of counseling or assistance as determined by APD, or as required by law, given assessment results and/or my behavior. I will sign any release or consent required by the APD so the APD can exchange information in relation to my treatment, behavior and activities.
12. I will not possess or use illegal drugs or controlled substances and will submit to drug and alcohol testing as directed by the APD.
13. I will obtain written approval of the APD prior to associating with anyone I know who has a criminal record. I will not knowingly associate with any person engaged in criminal behaviors.
14. I will seek, obtain, and maintain employment, if legally permitted to do so, and/or attend school according to my case plan with the APD. I will inform the APD of any changes within 72 hours.
15. I will be financially responsible by paying all restitution, fines, and fees in my case as imposed by the Court. I understand, if I do not pay restitution in full, the Court may extend my probation.

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## UNIFORM CONDITIONS OF SUPERVISED PROBATION

**State of Arizona**
**VS.**
**Jason Lee Harris**

**MARICOPA COUNTY DIVISION: <u>EDCT1</u>**
**<u>CR2020-113551-001 DT</u>**

PID # **AZ10278899**

ARS §13-901.01     N/A

21.     I will abide by the attached special conditions of probation:
  • Sex Offender

22.     Defendant shall not return to the scene of the crime. Defendant shall pay restitution for all economic loss to all victims. Defendant shall complete substance abuse treatment, including relapse prevention and aftercare. Defendant shall participate in a mental health evaluation and any recommended treatment. Defendant shall register as a sex offender. It is ordered affirming all previously ordered probation terms and financial sanctions. Credit is given for all days served on probation, all monies paid, and all probation-related acts performed. Expiration date TBD by APD.

**Based upon the defendant's agreement to abide by the Conditions of Supervision set forth, above, as well as my review and approval of such conditions, I hereby impose and order that these conditions are in effect, and the defendant shall comply with said conditions.**

_____
**Hon. Phemonia Miller**
MARICOPA COUNTY SUPERIOR COURT

<u>01/06/2021</u>
**Date**

**RECEIPT AND ACKNOWLEDGMENT:** *I acknowledge receipt of the conditions of probation and any attachments added. I understand that by not abiding by the conditions of probation my probation could be revoked and the Court may sentence me in accordance with the law. In addition, I waive extradition for any probation revocation proceedings in this matter.*

_____
**Defendant**

<u>01/06/2021</u>
**Date**

| HOMLESS | | MESA | Arizona | 85210 | |
|---|---|---|---|---|---|
| **Address** | **Apt.** | **City** | **State** | **Zip** | **Phone** |

1100-010-B  (Rev 6/10)

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### SPECIAL CONDITIONS OF PROBATION

| | | |
|---|---|---|
| State of Arizona | MARICOPA COUNTY DIVISION: Maricopa | **EDCT1** |
| **VS.   Jason Lee Harris** | **CASE: CR2020-113551-001 DT  Cnt 001** | |
| PID # AZ: 10278899 | | |

**Pursuant to Uniform Condition 21:**

**Sex Offender**

1. I will abide by and comply with all APD behavior agreements.
2. I will not contact or attempt to contact the victim(s) or the family of the victim(s) in person, through mail or electronic or telephonic means, or through third parties without the prior written approval of the Court or the APD.
3. I will obtain prior written approval of the APD before initiating, establishing or maintaining contact with any child under the age of 18, including relatives.  I will sign and abide by the APD definition of "no contact" which will be provided in writing by APD.
4. I will obtain prior written approval of the APD before going to or near school properties, parks, playgrounds, arcades, swimming pools or other places primarily used by children under the age of 18, or any other location APD has notified me in writing is inappropriate.
5. I will obtain prior written approval of the APD before socializing, dating or entering into a sexual relationship with any person who has children under the age of 18.
6. I will attend, actively participate in, and remain in sex offender treatment at the discretion of the APD. I will abide by and comply with all Sex Offender Treatment program rules, which will be provided to me by the treatment agency.
7. I will submit to any program of psychological or physiological assessment at the direction of the APD to assist in treatment, planning, and case monitoring.
8. I will obtain prior written approval of the APD before possessing any sexually stimulating or sexually oriented material in any form. In addition, I will not patronize any adults-only establishment where such material or entertainment is available, including internet sites.
9. I will obtain prior written approval of the APD before possessing children's clothing, toys, games, videos, etc.
10. I will obtain prior written approval of the APD before making any temporary or permanent changes to residence, employment, or education.
11. I will obtain prior written approval of the APD before traveling outside Maricopa County.
12. I will abide by any curfew imposed by the APD.
13. I will be responsible for my personal appearance, which includes the wearing of undergarments and clothing.
14. I will not hitchhike or pick up hitchhikers.
15. I will provide the make, model, year, and license plate number of any vehicle I want to drive in order to obtain written approval of the APD to operate the motor vehicle.
16. I will be financially responsible for the costs of GPS monitoring, and lost or damaged equipment, pursuant to A.R.S 13 -902 (G), if applicable.
17. I will obtain prior written approval of the APD before using any device that has internet access capability.
18. I will obtain prior written approval of the APD before using any computer equipment or accessing the internet. If granted use or access, I will abide by the APD Computer Usage Conditions.
19. I will register as a sex offender if required by law (A.R.S. 13-3821).

RECEIPT AND ACKNOWLEDGMENT: I acknowledge receipt of the Special Conditions of Probation. I understand that by not abiding by the Conditions of Probation my probation could be revoked and the Court may sentence me in accordance with the law.

| | |
|---|---|
| **Defendant** | **Hon.  Phemonia Miller** |
| 01/06/2021 | 01/06/2021 |
| DATE | DATE |
| | MARICOPA COUNTY SUPERIOR COURT |

1100-210d (R-10-10)

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

JUDGMENT AND ORDERS OF RESTITUTION, FINES AND FEES

State of Arizona

VS.  **Jason Lee Harris**              MARICOPA COUNTY DIVISION: Maricopa          **EDCT1**

PID # AZ: 10278899                     **CASE: CR2020-113551-001 DT  Cnt 002**

---

**IT IS ORDERED the defendant shall be financially responsible for paying all restitution, fines and fees in this case as imposed by the Court.**

---

**Other Assessments (paid in conjunction with monthly payment)**

|   |   | Total Amount | Payment | Begin Date |
|---|---|---|---|---|
| r. | Probation Assess.(7/1/08 to present) (A.R.S. 12-269) | | | To be determined |
|    | *waived* | | | |
| t. | Victim Rights Enforcement Assessment (A.R.S. 12-116.09) | $2.00 | | To be determined |

---

## MONTHLY GRAND TOTAL PAYMENT = $0.00

---

RECEIPT AND ACKNOWLEDGMENT: I acknowledge receipt of the Judgment and Orders of Restitution, Fines and Fees and understand my financial obligation to the Court and other related parties.

**Hon.  Phemonia Miller**

| **Defendant** | 01/06/2021 | MARICOPA COUNTY SUPERIOR COURT | 01/06/2021 |
|---|---|---|---|
| | DATE | | DATE |

1100-044 (R12-14)

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**State of Arizona**

**VS.**

**Jason Lee Harris**
Defendant

**No: CR2020-140013-001**

## NOTICE OF RIGHTS AFTER CONVICTION AND PROCEDURE

### RIGHT TO APPEAL.

You have a right to appeal from a final judgment of conviction or a verdict of guilty except insane, from an order denying a motion for new trial, from an order entered after judgment affecting your substantial rights, or from a sentence that you claim is illegal or excessive.

However, you do not have a right to direct appeal from your final judgment of conviction and sentence if you: (1) entered a plea of guilty or no contest; (2) admitted that you violated your conditions of probation or had an automatic probation violation based on a plea of guilty or no contest; or (3) failed to appear at sentencing, which resulted in sentencing occurring more than 90 days after the date of conviction. In these three situations, you may seek relief only by filing a notice and petition for post-conviction relief under Rule 33. (See the section below on post-conviction relief.)

### EXERCISING YOUR RIGHT TO APPEAL.

1. <u>Notice of Appeal.</u> If you want to appeal from a judgment of conviction and imposition of sentence, you must file a Notice of Appeal (Form 24(a)) within 20 days after the court's oral pronouncement of your sentence in the courtroom. If you want to appeal from any other appealable judgment or order, you must file a Notice of Appeal (Form 24(a)) no later than 20 days after entry of the judgment or order. You will lose your right to appeal if you do not file a Notice of Appeal within the time required.

   If you want to appeal, you should let your lawyer know that you want to appeal. You can file a Notice of Appeal before you leave the courtroom on the day you are sentenced. After that, you should contact your lawyer by phone, letter, or in person, and tell your lawyer that you want to appeal.

2. <u>If You Want to Appeal but Do Not Have a Lawyer.</u> If you do not have a lawyer, ask the clerk of the court, or staff at the jail or prison where you are incarcerated, for Form 24(a), which is a Notice of Appeal. Also ask for Form 5, which is the Defendant's Financial Statement and Request for Appointment of Counsel. Complete both forms and immediately file them with, or send them to, the clerk of the superior court in the county where you were sentenced. These forms must arrive at the clerk's office within 20 days after the date you were sentenced.

3. <u>Waiver of the Right to a Lawyer.</u> You have a right to be represented by a lawyer for your appeal, and you should have a lawyer handle your appeal. However, you may also represent yourself. If you choose to waive your right to appellate counsel, you must file a written waiver no later than 30 days after filing your notice of appeal. If you file your waiver before you file your notice of appeal, or at the same time, the waiver must be filed in the superior court. If you file your waiver after you filed your notice of appeal, you must file the waiver in the superior court and in the appellate court. If the superior court determines that your waiver of appellate counsel is knowing, intelligent, and voluntary, you will be allowed to represent yourself on appeal. But the court may appoint advisory counsel for you during any stage of the appeal.

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

State of Arizona

VS.

<u>Jason Lee Harris</u>                                    <u>No: CR2020-140013-001</u>
Defendant

## NOTICE OF RIGHTS AFTER CONVICTION AND PROCEDURE

### RIGHT TO POST-CONVICTION RELIEF.

Every defendant in the superior court has a right to request post-conviction relief under Rule 32 or 33.

1.  <u>What to File.</u> To exercise your right to post-conviction relief, you first must file a Notice Requesting Post-Conviction Relief, Form 24(b).

2.  <u>When to File.</u> If you do not file a Notice Requesting Post-Conviction Relief within the required time, you may lose the opportunity to have the court correct any errors that might have occurred in your case.

    (a)  *If you did not have an appeal.* If you did not file, or if you did not have the right to file, a Notice of Appeal, you must file a Notice of Post-Conviction Relief within 90 days after the oral pronouncement of sentence.

    (b)  *If you did have an appeal.* If you did appeal, you must file a Notice Requesting Post-Conviction Relief within 30 days after the appellate court issues an order and mandate affirming the judgment and sentence.

    (c)  *If you did not have a right to appeal but you had a first post-conviction proceeding and wish to raise a claim that post-conviction counsel was ineffective in a successive post-conviction proceeding.* If you did not have the right to appeal but you did seek post-conviction relief in a first proceeding and you claim your attorney in that proceeding was ineffective, you must file a Notice Requesting Post-Conviction Relief within 30 days after the trial court enters its final order in the first proceeding, or, if you sought appellate review of that order, no later than 30 days after the appellate court issues an order and mandate in that first proceeding.

3.  <u>How to File.</u> You must obtain a copy of Form 24(b) (Notice Requesting Post-Conviction Relief) from your attorney, the clerk of the court, or staff at the jail or prison where you are incarcerated. Complete the notice and file it with, or send it to, the clerk of the superior court of the county where you were sentenced. The notice must arrive at the clerk's office within the time specified in paragraph 2.

4.  <u>Requesting a Lawyer.</u> If you want a lawyer to represent you in your post-conviction proceeding and you cannot afford to hire a lawyer, you must sign the declaration of indigency contained in the Notice Requesting Post-Conviction Relief and ask the court to appoint a lawyer to represent you.

If you want a full copy of the rules governing appeals and post-conviction relief, the clerk of the court in the county where you were convicted will send you one upon request.

### RIGHT TO APPLY TO HAVE A CONVICTION SET ASIDE.

On fulfillment of the conditions of probation or sentence, and discharge by the court, you may apply to the court where you were sentenced to have the judgment of guilt set aside. Your attorney or probation officer can apply on your behalf. If you were convicted of multiple offenses, the court must act on each individual case and each individual count. If you have more than one case number, you must file a separate application for each case number. The court will not charge a fee for filing an application to set aside a conviction. The Application to Set Aside Conviction (Form 31(a)) is available online from the Arizona Judicial Branch Self-Service Center and from most superior court web sites. Complete the form and file it with, or send it to, the clerk of the superior court of the county where you were sentenced.

**Note:** A person who was convicted of any of the offenses listed in A.R.S. § 13-907(K) cannot apply to have the conviction set aside

### SUSPENSION OF CIVIL RIGHTS AND OCCUPATIONAL DISABILITIES (A.R.S. § 13-904)

A conviction for a felony suspends the following civil rights of the person sentenced; the right to vote; the right to hold office; the right to serve as a juror; the right to possess a firearm; and during any period of imprisonment any other civil rights the suspension of which is reasonably necessary for the security of the institution in which the person sentenced is confined or for the reasonable protection of the public.

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**State of Arizona**

**VS.**

**Jason Lee Harris**
Defendant

**No: CR2020-140013-001**

## NOTICE OF RIGHTS AFTER CONVICTION AND PROCEDURE

### RIGHT TO AUTOMATIC RESTORATION OF CIVIL RIGHTS (FIRST OFFENDERS) (A.R.S. §13-907)

On final discharge ("final discharge" means completion of probation or the receipt of an absolute discharge from the State Department of Corrections of the United States Bureau of Prisons), any person who has not previously been convicted of a felony offense shall automatically be restored any civil rights that were lost or suspended as a result of the conviction if the person pays victim restitution imposed. A person entitled to automatic restoration of civil rights pursuant to A.R.S. §13-907 is not required to file an application. Restoration of the right to possess a firearm requires an application pursuant to A.R.S. § 13-910 (see below).

### RESTORATION OF CIVIL RIGHTS (SECOND OR SUBSEQUENT OFFENSE) (A.R.S. §§ 13-906, 13-907 and 13-908)

If you have previously been convicted of a felony or you have not paid your restitution, you may apply for restoration of any civil rights that were lost or suspended as a result of the conviction on final discharge from probation or no sooner than two (2) years from the receipt of an absolute discharge from the State Department of Corrections or the United States Bureau of Prisons. Your attorney or probation officer may apply on your behalf. The restoration of civil rights is in the discretion of the judicial officer.

### RESTORATION OF RIGHT TO POSSESS A FIREARM (A.R.S. § 13-910)

If you were **convicted of a dangerous offense** under § 13-704 or an offense committed in another state that would be a dangerous offense under §13-704 **you may not file for restoration of the right to possess a firearm.**

If you were convicted of a serious offense as defined in §13-706 or an offense committed in another state that would be a serious offense under §13-704 you may not file for restoration of the right to possess a firearm for **ten (10) years** from the date of absolute discharge from the State Department of Corrections or the United States Bureau of Prisons. The restoration of the right to possess a firearm is in the discretion of the judicial officer.

If you were convicted of any other felony offense you may not file for the restoration of your right to possess a firearm for **two (2) years** from the date of completion of probation or upon receipt of an absolute discharge from the State Department of Corrections or the United States Bureau of Prisons. The restoration of civil rights is in the discretion of the judicial officer.

### RECEIPT BY THE DEFENDANT

I have received a copy of this notice explaining my rights to appeal, to seek post-conviction relief, to apply for restoration of my right to possess a firearm, conviction set aside, and restoration of civil rights. I have received a copy of the procedures I must follow to exercise those rights.

DATE: 01/06/2021

_____
**Defendant**

ARIZONA DEPARTMENT OF CORRECTIONS

Inmate Letter Response

| INMATE NAME *(Last, First M.I.)* (Please Print) | ADC NUMBER |
|---|---|
| Harris, Jason | 113830 |

| INSTITUTION/UNIT |
|---|
| SMUI |

| FROM *(Last, First M.I.)* (Please Print) | LOCATION |
|---|---|
| Amos, C, ASOII | Business Office Inmate Accounts |

In response to your letter dated 05/26/21. Attached is a copy of your account for the time frame you requested. If this is for Court to submit an Informa Pauperis you will need to request a Certified Statement of Account.

| STAFF SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | 5/28/21 |

Distribution:    Original – Master File
                 Copy - Inmate

916-2(e)
5/14/12

**ARIZONA DEPARTMENT OF CORRECTIONS**

**Inmate Letter**

Requests are limited to one page and one issue.  NO ATTACHMENTS PERMITTED.  Please print all information.

| INMATE NAME (Last, First M.I.) (Please print) | ADC NUMBER | INSTITUTION/UNIT | DATE (mm/dd/yyyy) |
|---|---|---|---|
| Harris, Jaon Lee | 113835 | South A.S.P.C Eyman | 5-26-21 |

| TO | LOCATION |
|---|---|
| Inmate Banking | 3-1-43  Pod 6 |

State briefly but completely the problem on which you desire assistance.  Provide as many details as possible.

I need a Six- Month-Back— Trust Account Statement
Stating my funds in ADOC For a Six month Period.

Thank You Kindly.

RECEIVED
MAY 27 2021
By

| INMATE SIGNATURE | DATE (mm/dd/yyyy) |
|---|---|
| | 5-26-21 |

Have you addressed this with Department staff?  ☐ Yes  ☒ No

If yes, give the staff member's name and the date you addressed with them:

_____     _____
(Staff Member's Name)  (Please print)              (Date addressed)

**Note:** Using profanity, insulting, obscene, or abusive language and/or addressing staff with inappropriate names or making inappropriate remarks in this written correspondence (or verbal communication to staff concerning this correspondence), will not be tolerated and may result in no response to the correspondence and/or discipline pursuant to Department Order 803, Inmate Disciplinary Procedure.

Distribution:   Original – Master File
                Copy - Inmate

916-1